UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL JOHN MEASEL,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>LINKUS ENTERPRISES, INC., and DOE 1, inclusive,<br><br>　　　　　　Defendants. | Case No.: 10-CV-02345-LHK<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING MOTION FOR A MORE DEFINITE STATEMENT |

Defendant LinkUs Enterprises, Inc., moves to dismiss the Complaint under Rule 12(b)(6) or, in the alternative, to require Plaintiff to provide a more definite statement under Rule 12(e). Plaintiff Michael John Measel has not opposed Defendant's motion. Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument. Having considered the parties' submissions and the relevant law, the Court GRANTS Defendant's motion to dismiss with leave to amend, and DENIES as moot Defendant's motion for a more definite statement. Accordingly, the motion hearing and case management conference scheduled for October 28, 2010, are VACATED.

**I. Background**

This action involves acts of employment discrimination allegedly committed by Defendant LinkUs Enterprises, Inc. ("LinkUs") against Plaintiff Michael John Measel. Plaintiff Measel was

1

Case No.: 10-CV-02345-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING MOTION FOR A MORE DEFINITE STATEMENT

1    employed by LinkUs as a Satellite Technician from October 28, 2006, until his termination on
2    February 23, 2009.  Compl. Attach. 4.  Sometime thereafter, Plaintiff filed charges alleging racial
3    discrimination and retaliation with the California Department of Fair Employment and Housing
4    ("DFEH") and the Equal Employment Opportunity Commission ("EEOC").  Compl. Attachs. 4-5.
5    The EEOC referred Plaintiff's complaint to the California DFEH, and DFEH declined to conduct
6    an investigation or issue an accusation in the matter.  Compl. Attach. 2.  Accordingly, on October
7    20, 2009, the EEOC and DFEH issued right-to-sue notices.  *Id.*

8    On January 19, 2010, Plaintiff filed a Complaint in the Monterey County Superior Court.
9    The Complaint consisted of a two-page form complaint for contract actions, to which Plaintiff
10   attached copies of the following five documents: (1) the EEOC's notice of receipt of his
11   employment discrimination charge; (2) the DFEH right-to-sue notice; (3) the EEOC right-to-sue
12   notice; (4) the charge of discrimination Plaintiff filed with the EEOC; and (5) the complaint of
13   discrimination Plaintiff filed with DFEH.  Compl. Attachs. 1-5.  The only statement of Plaintiff's
14   claims is contained in the attached EEOC charge and DFEH complaint.  These documents provide
15   a one-paragraph description of Plaintiff's allegations, which include: (1) Plaintiff was denied equal
16   pay compared to less-qualified, non-Caucasian Satellite Technicians since June 2008; (2) Plaintiff
17   was harassed and retaliated against for complaining about the termination of a co-worker; (3)
18   Plaintiff was denied a promotion to manager; and (4) Plaintiff's employment was terminated
19   without reason.  Compl. Attachs. 4-5.  Defendant removed this action to federal court on May 27,
20   2010, and now moves to dismiss Plaintiff's claims under Rule 12(b)(6) or, in the alternative, to
21   require a more definite statement under Rule 12(e).

22   **II. Motion to Dismiss**

23   **A. Legal Standard**

24   A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal
25   sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering
26   whether the complaint is sufficient to state a claim, the court must accept as true all of the factual
27   allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However,
28

2
Case No.: 10-CV-02345-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING MOTION FOR A MORE DEFINITE STATEMENT

1   the court need not accept as true "allegations that contradict matters properly subject to judicial

2   notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or

3   unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d

4   1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must

5   contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its

6   face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

7   (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference

8   that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If a court grants

9   a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be

10  cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## B. Discussion

12  Defendant argues that Plaintiff's claims must be dismissed because his Complaint fails to

13  set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as

14  required by Federal Rule of Civil Procedure 8(a). The Court agrees. A complaint alleging

15  employment discrimination must "give the defendant fair notice of what the plaintiff's claim is and

16  the grounds upon which it rests." *Williams v. Boeing Co.*, 517 F.3d 1120, 1130 (9th Cir. 2008)

17  (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Although a plaintiff need not

18  plead a prima facie case of discrimination in the complaint, *Swierkiewicz*, 534 U.S. at 511, he must

19  provide more than "naked assertion[s]" and conclusory allegations. *Iqbal*, 129 S.Ct. at 1949

20  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

21  Here, Plaintiff's allegations are either conclusory or are not sufficient to give Defendant

22  notice of Plaintiff's claims. As noted above, Plaintiff provides only the one-paragraph descriptions

23  of his claims that he submitted to the EEOC and the DFEH, and does not set forth specific causes

24  of action or describe the relief he seeks. While Plaintiff clearly asserts that he was denied equal

25  pay compared to less qualified, non-Caucasian technicians, he fails to provide any additional facts

26  that might give plausibility to this "naked assertion." *Twombly*, 550 U.S. at 557. The rest of

27  Plaintiff's allegations are simply too vague to give Defendant fair notice of the nature of Plaintiff's

claims and the grounds on which they rest.  Plaintiff alleges that he was retaliated against and denied a promotion, but it is not clear whether these claims are connected to Plaintiff's allegations of racial discrimination or if they are separate allegations associated with Plaintiff's complaints about the termination of another worker.  Additionally, while Plaintiff alleges the date of his termination, it is difficult to tell whether the Complaint alleges that the termination itself was discriminatory and, if so, on what grounds.  The Court thus finds that the Complaint as currently pled does not contain sufficient factual matter to give Defendant fair notice or to state a plausible claim for relief.  Accordingly, the Court GRANTS Defendant's motion to dismiss with leave to amend.

### III. Motion for a More Definite Statement

Defendant also moves, in the alternative, for a more definite statement.  Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  While the Court acknowledges that portions of Plaintiff's Complaint may meet this standard, because the Court has granted Defendant's motion to dismiss the entire Complaint, Defendant's motion for a more definite statement is DENIED as moot.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with leave to amend and DENIES Defendant's motion for a more definite statement.  **Plaintiff shall file an amended complaint, if any, within 30 days of this Order.**  If Plaintiff fails to timely file an amended complaint, his claims may be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: October 25, 2010

_____
LUCY H. KOH
United States District Judge

4
Case No.: 10-CV-02345-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING MOTION FOR A MORE DEFINITE STATEMENT