UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL JOHN MEASEL, ) | Case No.: 10-CV-02345-LHK |
| ) | |
| Plaintiff, ) | ORDER DISMISSING CASE WITH |
| v. ) | PREJUDICE |
| ) | |
| LINKUS ENTERPRISES, INC., and DOE 1, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Plaintiff Michael John Measel filed the instant employment discrimination action on January 19, 2010, in the Monterey County Superior Court. Defendant LinkUs Enterprises, Inc., timely removed the action to federal court on May 27, 2010. On June 3, 2010, Defendant filed a motion to dismiss for failure to state a claim. On August 9, 2010, after the case was reassigned to the undersigned Judge Koh, Defendant renoticed the motion to dismiss for a hearing date of October 28, 2010. Plaintiff failed to file an opposition brief, and on October 25, 2010, the Court issued an order granting Defendant's motion to dismiss with leave to amend. Order Granting Mot. to Dismiss with Leave to Amend, ECF No. 29. The Court's order directed Plaintiff to file an amended complaint within thirty days, and stated that if Plaintiff failed to timely file an amended pleading, his claims would be subject to dismissal with prejudice. *Id.* at 4.

It is now more than two months since the Court's order dismissing Plaintiff's complaint with leave to amend. Plaintiff has not filed an amended pleading or sought an extension of time to

1

Case No.: 10-CV-02345-LHK
ORDER DISMISSING CASE WITH PREJUDICE

do so. Accordingly, Defendant now moves for dismissal of Plaintiff's complaint with prejudice, for failure to comply with the Court's order pursuant to Rule 41(b). The Court agrees that dismissal with prejudice is appropriate in this case.

"Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order" under Rule 41(b). *Yourish v. California Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999). Before dismissing a case for failure to comply with an order, a court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Here, although Defendant originally filed its motion to dismiss on June 3, 2010, Plaintiff failed to file any opposition to the motion. By October 25, 2010, when the Court issued its order dismissing Plaintiff's Complaint with leave to amend, mail sent to Plaintiff by the Court had been returned as undeliverable on three occasions. In order to ensure that Plaintiff received the Court's order, a copy was mailed to an alternative address that Plaintiff had provided to Defendant. Nonetheless, Plaintiff failed to file an amended complaint within 30 days of the Court's order and to this date has not filed an amended pleading or taken any other action to prosecute his case. Accordingly, the Court finds that the public interest in expeditious resolution of litigation, the Court's need to manage its docket, and the possible prejudice to Defendant if the case is allowed to linger unprosecuted all favor dismissal pursuant to Rule 41(b). In addition, given Plaintiff's failure to take any action in this case or even to provide the Court with an updated address as required by Local Civil Rule 3-11, it appears that less drastic alternatives would be unavailing.

Accordingly, the Court hereby DISMISSES the case with prejudice for failure to file an amended complaint within the time ordered by the Court. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 29, 2010

_____
LUCY H. KOH
United States District Judge

2

Case No.: 10-CV-02345-LHK
ORDER DISMISSING CASE WITH PREJUDICE